# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1334V
Filed: September 11, 2019
UNPUBLISHED

|   |   |
|---|---|
| KAY B. HARVEY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Glen Howard Sturtevant, Jr., Rawls Law Group., Richmond, VA,* for petitioner.
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 26, 2017, Kay B. Harvey ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine injury ("SIRVA") as a result of an influenza ("flu") vaccine she received on or about October 14, 2014. Petition at 1. On July 2, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 42.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 10, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 46. Petitioner requests attorneys' fees in the amount of $22,665.65 and attorneys' costs in the amount of $1,350.44. *Id.* at 4. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 46-2 at 2. Thus, the total amount requested is $24,016.09.

On July 10, 2019, respondent filed a response to petitioner's motion. ECF No. 46. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I.     **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.  Attorneys' Fees

### A. Hourly Rates

#### i. Glen Howard Sturtevant, Jr.

Petitioner requests compensation for attorney Glen Howard Sturtevant, Jr at the rate of $315 per hour time billed in 2017, $326 per hour for time billed in 2018 and $349 for time billed in 2019. ECF No. 46-1 at 6, 12, 15. Mr. Sturtevant has been previously awarded the rates of $315 and $326 for 2017 and 2018 and these rates are in line with, respectively and the undersigned awards those rates herein. In regard to the requested rate of $349 for time billed in 2019, Mr. Sturtevant was previously awarded the rate of $339 per hour for his time billed in 2019. *Kovtun v. Sec'y of Health & Human Serv's,* No. 18-0296V, Slip Op. at 34, (Fed. Cl. Spec. Mstr. May 30, 2019). The undersigned reduces the requested 2019 rate to the previously awarded rate of $339 per hour, resulting in a reduction of attorney fees requested in the amount of **$91.00**.[3]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.6 hours was billed by paralegals on the task of organizing medical records and another 6.6 hrs on the chronology . ECF No. 46-1 at 3-5. The task of chronology would be considered paralegal; however, the act of organizing would be an administrative task. The undersigned reduces the request for attorney fees in the amount **$522.00**, the total of the time spent on organization.[4]

## III.  Attorneys' Costs

Petitioner requests reimbursement for costs incurred by counsel in the amount of $1,350.44. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorneys' costs sought.

---

[3] This amount consists of $349 - $339 x 9.1 hrs = $91.00.

[4] This amount consists of $145 x 3.6 hrs = $522.00.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $23,403.09[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Glen Howard Sturtevant, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.